**SASHTI, INC., Plaintiff,**

v.

**GLUNT INDUSTRIES, INC., Defendant.**

No. 4:01CV190.

United States District Court, N.D. Ohio.

April 18, 2001.

Robert S. Balantzow, McCarthy, Lebit, Crystal & Haiman, Cleveland, OH, pro se.

Michael B. Fesler, Joseph B. Jerome, Joseph B. Jerome and Associates, Cleveland, OH, for plaintiff.

Michael D. Rossi, Sr., Guarnieri & Secrest, Warren, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motion of the Defendant to dismiss Counts One and Five of the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt.# 12). In Count One, the Plaintiff asserts a breach of contract claim against the Defendant, and in Count Five it seeks specific performance of the terms of that contract.

For the following reasons, the Defendant's Motion to Dismiss (Dkt.# 12) is **DENIED**.

### FACTS

The Plaintiff, Sashti, Inc. ("Sashti"), alleges the following facts in its Complaint.

The Plaintiff is a manufacturer's representative involved in the export of products, machinery, equipment and service, and in brokering and coordinating the delivery of projects involving the design, manufacture and installation of automated heavy machinery. The Defendant, Glunt Industries, Inc. ("Glunt"), is involved in the engineering and manufacturing of special purpose machinery and equipment for heavy industry. In early 2000, the Plaintiff undertook to place a bid on a major project for the Indian Railways Wheel and Axle Plant, in Bangalore, India ("Customer").

The Plaintiff requested a proposal from the Defendant for a significant part of the project. The Defendant submitted a preliminary proposal to the Plaintiff on April 4, 2000. In response to a request for further specifications, the Defendant submitted a letter to the Plaintiff authorizing the Plaintiff to tender supply of the machinery and confirming that the Defendant had previously furnished and/or installed similar equipment in the past. The Defendant submitted a revised proposal to the Plaintiff on April 25, 2000, which stated that the prices were firm for ninety days from the date of bid closing. The bid closing was scheduled for May 10, 2000, and subsequently extended to June 10, 2000, and the Plaintiff advised the Defendant of the change.

On May 4, 2000, one of the Plaintiff's representatives toured the Defendant's plants. The Defendant reiterated that it had done similar work in the past and there would be no problem providing the equipment requested. The Defendant submitted final proposals to the Plaintiff around May 31, 2000. These proposals were firm and irrevocable for one-hundred and twenty (120) days from June 10, 2000, the date of bid closing,. The Plaintiff submitted its bid packages to the Customer based on the Defendant's proposals. The Customer requested certain technical clarifications on the bid. On September 7, 2000, the Defendant provided the Plaintiff with the necessary information and also offered to extend its proposal until January 31, 2001. The Plaintiff relayed the information to the Customer.

On September 28, 2000, the Defendant informed the Plaintiff that it was withdrawing its proposal due to a confidentiality and non-compete agreement with another company, Griffin Wheel. The Plaintiff attempted to obtain permission from Griffin Wheel for the Defendant to proceed with the project. Griffin Wheel declined to grant permission. As a result, the Plaintiff notified the Customer that it was unable to proceed with the project.

Consequently, the Plaintiff filed the instant Complaint. The Defendant filed a motion to dismiss Counts One and Five for failure to state a claim upon which relief can be granted.

## LAW

"A Motion to Dismiss may only be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544 (6th Cir.1991) *citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "A motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). While the court must accept the plaintiff's *factual* allegations as true, "[t]he trial court need not accept as true [a plaintiff's] legal conclusions." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir.

1998). "A Motion to Dismiss may only be granted if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544 (6th Cir.1991) *citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### Count 1: Breach of Contract

 In order to prove a claim for breach of contract, the plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *See Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 44 (1994). The elements of a contract are, an offer and acceptance, supported by valid consideration. *See Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302, 1304 (1982). Acceptance can be expressed by "word, sign, writing, or act." *Nilavar v. Osborn*, 127 Ohio App.3d 1, 11, 711 N.E.2d 726, 733 (1998) (*quoting*, 17 Ohio Jurisprudence 3d (1980) 463, Contracts, Section 30).

 The Defendant asserts that the Plaintiff has failed to plead that it complied with one of the terms of the "final proposals" submitted to it by the Defendant. Apparently, this is an attempt by the Defendant to challenge whether the Plaintiff ever accepted the final proposals. The language with which the Defendant claims the Plaintiff did not comply, and failed to plead in its Complaint, is as follows:

> Along with a Purchase Order confirming a complete scope of our supply, we would require a valid, irrevocable Letter of Credit drawn on and confirmed by a U.S. Bank.

The Defendant does not provide any further argument, or any argument at all, in support of his position.

Where a sale of goods is concerned, "[a] contract ... may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." R.C. § 1302.07. The parties' course of conduct in the case *sub judice* supports a finding that a contract existed between them. The facts show that the Defendant made "firm offers" to the Plaintiff for the sale of goods in connection with the Plaintiff's contract with Indian Railways.[1] Initially, the Defendant submitted final proposals to the Plaintiff on June 1, 2000. The Plaintiff asserts in its complaint that these proposals were irrevocable for one-hundred and twenty (120) days from the date of bid closing which was June 10, 2000. Subsequently, the Plaintiff requested more technical information from the Defendant to supply to Indian railways. On September 7, 2000, the Defendant responded with that information and also offered to extend its proposal to January 31, 2001. Consequently, the Defendant's extension of their proposal resulted in firm offers which it was required to keep open until January 31, 2001. The Defendant, however, withdrew its firm offers on September 28, 2001, before the Plaintiff could provide the Defendant with the Purchase Order and Letter of Credit. Based on the allegations contained in Count One of the Plaintiff's Complaint, it has asserted a prima facie case for breach of contract.

Accordingly, the Defendant's motion to dismiss Count One is without merit.

---

1. R.C. § 1302.08 states that a firm offer is "An offer by a merchant to buy or sell goods in a signed writing by which its terms give assurance that it will be held open is not revocable, for lack of consideration, during the time stated or if no time is stated for a reasonable time, but in no event may such period of irrevocability exceed three months; but any such term of assurance on a form supplied by the offeree must be separately signed by the offeror."

**Count 5: Specific Performance**

■ The remedy of specific performance is only available when there is no adequate remedy at law, *i.e.,* damages. *See Gleason v. Gleason,* 64 Ohio App.3d 667, 672, 582 N.E.2d 657, 661 (1991). Furthermore, R.C. § 1302.90(A) provides that the court may award specific performance on a contract for goods when the goods are unique or in other proper circumstances. However, when a plaintiff fails to present evidence which shows that the remedy at law is inadequate, the court should assume a legal remedy exists and refuse to grant specific performance. *See Gleason, supra.*

■ The Plaintiff alleges in Count Five that the goods which were the subject of the contract between itself and the Defendant were of a special design and that no other vendor is able to provide suitable substitute goods or cover. It also alleged a loss of business opportunity and good will. Furthermore, the Plaintiff asserts that the damages it suffered are unique and will be difficult to determine with reasonable particularity because it will incur continuing damage to its ability to conduct future business in India as a result of its inability to honor its bid proposal on the Indian Railway project.

The factual allegations set forth in Count Five of the Plaintiff's Complaint are sufficient to establish a claim for specific performance and the Defendant's motion is without merit.

### CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss Counts One and Five of Plaintiff's Complaint (Dkt.# 12) is **DENIED.**

**IT IS SO ORDERED.**